**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELSINN HEALTHCARE S.A., et al., | CIVIL ACTION NO. 12-2867 (MLC) |
| Plaintiffs, | **O P I N I O N** |
| v. | |
| DR. REDDY'S LABORATORIES, LTD., et al., | |
| Defendants. | |

**THE PLAINTIFFS**, Helsinn Healthcare S.A. ("Helsinn") and Roche Palo Alto LLC ("Roche"), assignees of United States Patent No. 7,947,724 ("the '724 Patent"), bring this action against the defendants, Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "the DRL Entities"). (Dkt. entry no. 1, Compl.)  Helsinn and Roche allege in this action that the DRL Entities infringed the '724 Patent by submitting New Drug Application No. 203050 ("DRL Application") to the United States Food and Drug Administration ("FDA").  (See id. at ¶¶ 13, 15.)

**THE PARTIES** appear not to dispute the facts material to resolution of the infringement issue.  The DRL Entities thus moved for summary judgment in their favor and against Helsinn and Roche on that issue.  (Dkt. entry no. 13, Mot.)  Helsinn and Roche opposed the Motion, and cross-moved for summary judgment in their

favor and against the DRL Entities on the same issue.  (See dkt. entry no. 20, Pls.' Opp'n Br.; dkt. entry no. 26, Cross Mot.)

**THE COURT**, upon reviewing the Motion and the Cross Motion, recognized that this action related to another action pending before the Court, Helsinn Healthcare S.A. v. Dr. Reddy's Labs., Ltd., No. 11-3962 (MLC) ("the First Action").  (See dkt. entry no. 33, 12-17-12 Order to Show Cause at 2.)  In the First Action, the DRL Entities have, inter alia, challenged the validity of the '724 Patent.  See DRL Answer & Counterclaims at Second Affirmative Defense, Second Counterclaim, Helsinn Healthcare S.A. v. Dr. Reddy's Labs, Ltd., No. 11-3962 (D.N.J. Aug. 31, 2011), ECF No. 33. The Court thus denied both the Motion and the Cross Motion without prejudice, and ordered the parties to show cause why this action should not be stayed and administratively terminated pending a determination as to the validity of the '724 Patent in the First Action.  (See 12-17-12 Order to Show Cause at 3.)

**BOTH** the Plaintiffs in this action and the DRL Entities have responded to the 12-17-12 Order to Show Cause.  (Dkt. entry no. 34, Pls.' Response; dkt. entry no. 35, DRL Entities' Response.)  The Court will now resolve the 12-17-12 Order to Show Cause without oral argument, pursuant to Local Civil Rule 78.1(b).

**BOTH** the Plaintiffs in this action and the DRL Entities have described the infringement issue as "narrow", and argue that the

Court should resolve the infringement issue before resolving the invalidity issue in the first action.  (See Pls.' Response at 1-2; DRL Entities' Response at 1-2.)[1]  The Court finds the parties' arguments unavailing.  The United States Supreme Court has stated that between the two questions -- that is, between infringement or validity of a patent -- "validity has the greater public importance".  Cardinal Chem. Co. v. Morton Int'l, Inc., 508 U.S. 83, 100 (1993); see also Pandrol USA, LP v. Airboss Ry. Prods., Inc., 320 F.3d 1354, 1364-65 (Fed. Cir. 2003).  Indeed, it appears that the "better practice" requires district courts to "inquir[e] fully into the validity of [a] patent."  Cardinal Chem. Co., 508 U.S. at 100 (citation omitted).

Should the Court determine in the First Action that the '724 Patent is valid, either the Plaintiffs in this action or the DRL Entities may move to reopen this action and file the Motion and Cross Motion anew.  However, should the Court determine in the First Action that the '724 Patent is invalid, then that determination would render the Motion and Cross Motion moot.  "It is hornbook law than an invalid patent cannot be infringed."  Blumcraft of Pittsburgh v. Architectural Art Mfg., Inc., 337 F.Supp. 853, 859 (D. Kan. 1972), aff'd, 459 F.2d 482 (10th Cir.

---

[1] Helsinn and Roche have at least recognized that "the validity of the '724 Patent should be determined in the First Action (which is already well underway, rather than concurrently in two separate actions before this Court."  (Pls.' Response at 1.)

3

1972); see also Princeton Biochems., Inc. v. Beckman Coulter, Inc., 411 F.3d 1332, 1339-40 (Fed. Cir. 2005) (court need not reach the issue of infringement where the patent claims at issue are invalid); Richdel, Inc. v. Sunspool Corp., 714 F.2d 1573, 1580 (Fed. Cir. 1983) ("The claim being invalid, there is nothing to be infringed."); Leader Techs., Inc. v. Facebook, Inc., 770 F.Supp.2d 686, 701 (D. Del. 2011) ("an invalid patent cannot be infringed"), aff'd, 678 F.3d 1300 (Fed. Cir. 2012), cert. denied, No. 12-617, 2013 WL 57200 (2013).

**HELSINN AND ROCHE** note that the DRL Entities, pursuant to the relevant regulatory scheme, are barred from marketing their allegedly infringing product until at least April 15, 2015. (Pls.' Response at 2.) The Court accordingly finds it appropriate to stay and administratively terminate this action pending a determination of the validity of the '724 Patent in the First Action, thereby conserving judicial resources. For good cause appearing, the Court will issue a separate order to that effect.

       s/ Mary L. Cooper
       **MARY L. COOPER**
       United States District Judge

Date:     January 17, 2013

4