Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700

*Attorneys for Plaintiff*
*Helsinn Healthcare S.A.*

William L. Mentlik
Roy H. Wepner
Stephen F. Roth
Russell W. Faegenburg
Tedd W. Van Buskirk
Maegan A. Fuller
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
(908) 654-5000

*Attorneys for Defendants*
*Dr. Reddy's Laboratories, Ltd. and*
*Dr. Reddy's Laboratories, Inc.*

RECEIVED
MAR 06 2017
AT 8:30____M
WILLIAM T. WALSH
CLERK

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HELSINN HEALTHCARE S.A., <br><br> Plaintiff, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, LTD. and DR. REDDY'S LABORATORIES, INC., <br><br> Defendants. | **Civil Action No. 12-2867 (MLC)(DEA)** <br><br> Hon. Mary L. Cooper, U.S.D.J. <br> Hon. Douglas E. Arpert, U.S.M.J <br><br> **(Filed Electronically)** |

**FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION**

WHEREAS, Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "DRL") submitted New Drug Application No. 203050 under 21 U.S.C. § 355(b)(2) ("DRL's Paper NDA") to the United States Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of both 0.075 mg/1.5 mL and 0.25 mg/5 mL palonosetron products (collectively "DRL's Paper NDA Products") before the

expiration of U.S. Patent Nos. 7,947,724 ("the '724 patent"), 8,729,094 ("the '094 patent"), and 9,066,980 ("the '980 patent") (collectively, "the patents-in-suit");

WHEREAS, Plaintiff Helsinn Healthcare S.A. ("Helsinn") brought this action against DRL, alleging, among other things, that (1) the submission of DRL's Paper NDA and DRL's Paper NDA Products infringe claim 9 of the '724 patent and (2) the submission of DRL's Paper NDA for approval of a 0.25 mg/5 mL palonosetron product and DRL's 0.25 mg/5 mL Paper NDA Product infringe claims 1-6 and 16 of the '980 patent and claims 22-25 and 27 of the '094 patent;

WHEREAS, on February 6, 2014, the parties stipulated (Dkt. 63) that (1) whether DRL's Paper NDA Products infringe claim 9 of the '724 patent will be determined solely based on the "chelating agent" limitation in the asserted claim and DRL will not raise any additional bases of noninfringement of the asserted claim, and (2) DRL will not challenge the validity or enforceability of any claim of the '724 patent;

WHEREAS, on January 6, 2016, the parties stipulated (Dkt. 116) that (1) whether DRL's 0.25 mg/5 mL Paper NDA Product infringes claim 6 of the '980 patent and claim 27 of the '094 patent will be determined solely based on the "chelating agent" limitation in those claims, and DRL will not raise any additional bases of noninfringement of those asserted claims, (2) the making, using, offering for sale, selling, or importing into the United States of DRL's 0.25 mg/5 mL Paper NDA Product will infringe claims 1-5 and 16 of the '980 patent under 35 U.S.C. § 271, if those claims are valid and enforceable, and (3) the use, and the making, offering for sale, selling, or importing into the United States for use, of DRL's 0.25 mg/5 mL Paper NDA Product in the manner described in DRL's Paper NDA will infringe claims 22-25 of the '094 patent under 35 U.S.C. § 271, if those claims are valid and enforceable;

WHEREAS, on May 31, 2016, DRL alleged that the asserted claims of the '980 and '094 patents, with the exception of claim 6 of the '980 patent and claim 27 of the '094 patent, are invalid for obviousness under 35 U.S.C. § 103(a) and lack of written description and enablement under 35 U.S.C. § 112(a) (Dkt. 168);

WHEREAS, on June 9, 2016, at a Final Pretrial Conference, this Court ordered that any trial on DRL's invalidity defense of obviousness under 35 U.S.C. § 103(a) against the asserted claims of the '094 and '980 patents (DRL did not allege that claim 6 of the '980 patent and claim 27 of the '094 patent are invalid for obviousness under 35 U.S.C. § 103(a)) would be held, if necessary, after the Court construes the claim term "reducing the likelihood of cancer chemotherapy-induced nausea and vomiting";

WHEREAS, on February 2, 2017, DRL voluntarily withdrew its invalidity defense of obviousness under 35 U.S.C. § 103(a) against the asserted claims of the '094 and '980 patents with prejudice (Dkt. 230); and

WHEREAS, on February 14, 2017, having conducted a bench trial on June 20-22 and June 27-30, 2016, and having subsequently received written post-trial submissions from the parties, this Court issued an Order and Memorandum Opinion (Dkt. 231 and 232) finding that (1) DRL's Paper NDA Products infringe claim 9 of the '724 patent, (2) DRL's 0.25 mg/5 mL Paper NDA Product infringes claim 6 of the '980 patent and claim 27 of the '094 patent, and (3) claims 1-5 and 16 of the '980 patent and 22-25 of the '094 patent are not invalid for lack of enablement or lack of written description under 35 U.S.C. § 112(a);

It is now hereby finally ORDERED, ADJUDGED, and DECREED that:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

2. Helsinn and DRL do not contest personal jurisdiction or venue in the United States District Court for the District of New Jersey for purposes of this action only.

3. This Court retains exclusive jurisdiction to enforce or supervise performance under this Final Judgment and Order of Permanent Injunction.

4. For the reasons set forth in the Court's Memorandum Opinion, Helsinn has proven by a preponderance of the evidence that DRL's Paper NDA Products literally infringe claim 9 of the '724 patent.

5. For the reasons set forth in the Court's Memorandum Opinion, Helsinn has proven by a preponderance of the evidence that DRL's 0.25 mg/5 mL Paper NDA Product literally infringes claim 6 of the '980 patent and claim 27 of the '094 patent.

6. Pursuant to a Stipulation and Order filed January 6, 2016 (Dkt. 116), Helsinn and DRL have stipulated, and the Court has ordered, that DRL's 0.25 mg/5 mL Paper NDA Product literally infringes claims 1-5 and 16 of the '980 patent and claims 22-25 of the '094 patent.

7. The submission of DRL's Paper NDA to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of DRL's Paper NDA Products before the expiration of the '724 patent was an act of infringement of claim 9 of the '724 patent under 35 U.S.C. § 271(e)(2)(A).

8. The submission of DRL's Paper NDA to the FDA for the purpose of obtaining regulatory approval to engage in the commercial manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of DRL's 0.25 mg/5 mL Paper NDA Product before the expiration of the '980 and '094 patents was an act of

infringement of claims 1-6 and 16 of the '980 patent and claims 22-25 and 27 of the '094 patent under 35 U.S.C. § 271(e)(2)(A).

9. Helsinn has not proven by a preponderance of the evidence that DRL's 0.075 mg/1.5 mL Paper NDA Product infringes any asserted claim of the '980 and '094 patents.

10. For the reasons set forth in the Court's Memorandum Opinion, DRL has not proven by clear and convincing evidence that claims 22-25 of the '094 patent or claims 1-5 and 16 of the '980 patent are invalid for lack of enablement or lack of adequate written description under 35 U.S.C. § 112(a).

11. Having not challenged the validity of claim 6 of the '980 patent or claim 27 of the '094 patent, such claims have not been proven to be invalid by DRL.

12. Subject to the terms of a Stipulation and Order filed on June 3, 2016 (Dkt. 157), judgment is entered in favor of Helsinn and against DRL on DRL's defense that claims of the '094 and '980 patents are invalid under 35 U.S.C. §§ 102(b) and/or 103(a) because the subject matter of such claims was allegedly ready for patenting and on sale or offered for sale in the United States more than one year prior to the earliest effective filing date of the '094 and '980 patents, *i.e.*, the January 30, 2003 filing date of Provisional Application No. 60/444,351.

13. Any of DRL's remaining invalidity defenses to the '094 and '980 patents and counterclaims, including DRL's defense of obviousness under 35 U.S.C. § 103(a) against the asserted claims of the '094 and '980 patents, have been voluntarily withdrawn by DRL with prejudice.

14. In accordance with 35 U.S.C. § 271(e)(4)(A), the FDA is directed to convert the "final" approval of DRL's Paper NDA to "tentative" approval, and the effective date of DRL's Paper NDA shall be a date not earlier than July 30, 2024, the expiration date of the patents-in-

suit, including any patent term extensions and/or adjustments, and the expiration of pediatric exclusivity awarded to Helsinn under 21 U.S.C. § 355a. If Helsinn becomes entitled to any other exclusivities or patent term extensions and/or adjustments for the patents-in-suit that are not referenced herein, Helsinn may apply to the Court for further relief as may be appropriate.

15. In accordance with 35 U.S.C. § 271(e)(4)(B), DRL and its affiliates, successors, partners, employees, agents, attorneys, and all those acting in privity or concert with them, are hereby restrained and enjoined from engaging in the commercial manufacture, use, sale, offer for sale, and/or distribution within the United States, and/or importation into the United States, of any palonosetron product that is the subject of DRL's Paper NDA through and until July 30, 2024, the expiration of the patents-in-suit, including any patent term extensions and/or adjustments, and the expiration of pediatric exclusivity awarded to Helsinn under 21 U.S.C. § 355a. If Helsinn becomes entitled to any other exclusivities or patent term extensions and/or adjustments for the patents-in-suit that are not referenced herein, Helsinn may apply to the Court for further relief as may be appropriate. This paragraph 15 shall not constitute an admission by DRL of the propriety of an injunction, or a waiver of any argument, including DRL's contention that Helsinn would not be irreparably harmed by a launch of DRL's Paper NDA Products.

16. Helsinn is declared the prevailing party in this action. All proceedings with respect to costs and/or attorney fees shall be deferred until such time as this judgment may no longer be appealed. The time in which Helsinn may file any bill of costs and motion to tax same, and any motion for attorney fees, is hereby enlarged to (a) 60 days from the entry of this judgment if no appeal from this judgment is timely noticed or (b) 30 days from the issuance of the mandate of the court of appeals if an appeal is taken.

17. The above entry of final judgment resolves all claims, defenses, and counterclaims asserted in this matter by any party. This is a final, appealable judgment. The Clerk of Court is hereby directed to close this file.

**SO ORDERED:**

Dated: MARCH 6, 2017
Trenton, New Jersey

*Mary L. Cooper*
Mary L. Cooper
United States District Judge